Springer, J.,
with whom Rose, J., joins, dissenting:
NRS 616C.440 was the subject of intensive re-examination during the 1995 session of the legislature. The central figure in the deliberations before the involved legislative committees was Mr. John W. Taylor of the Southern Nevada Association of Injured Workers. Committee minutes portray Mr. Taylor’s position in this way:
[H]e injured his eye in 1973, the case was reopened in 1982, and 1983 when he lost the eye. He was given an award of $5,500 [permanent partial disability]. He returned to work. *1121 In 1990 he injured his back, had an operation, went back to work and re-injured his back. In 1983 he was given a Permanent Total Disability Award. Now, SIIS wants him to repay $60,000.00. He commented SIIS wants to make money off the loss of his eye. ... He commented the application of this statute is being applied retroactively . . . and that he worked 17 years after his eye injury and now SIIS wants $60,000.00 for the loss of that eye.
Like John Taylor, Mr. Miller accepted a lump-sum payment for an adjudicated permanent partial disability. Now, like John Taylor, Mr. Miller is faced with having to repay SIIS substantially more money than he received by way of his lump-sum payment. The time periods are different in the two cases, and Mr. Miller does not have to pay back $60,000.00 on a $5,000.00 lump-sum payment; but the principle is the same.
I call the rule adopted by the majority the “pawn shop” rule because it makes injured workers like Mr. Miller and John Taylor pay a “retroactive” pawn charge on their compensation award, i.e., what the majority characterizes as payment by injured workers for the “value” of the money that they received for previous injuries.
Although SIIS insisted on charging Mr. Miller a pawn charge on the money that it awarded him for his previous disability, on administrative appeal and judicial review, the reviewing tribunals ruled that SIIS should be permitted under the statute to reduce Miller’s disability award only by the actual dollar amount received by him.[1]
In my judgment, the appeals officer and the district court were both correct in ruling that the statute permits a deduction of “not more than” the total amount which was paid for the previous award. I would add that it was unfair for SIIS to extract $60,000.00 out of an injured worker based on a $5,000.00 award (as apparently was the case with John Taylor), and that these kinds of retroactive charges are not consistent with the legislative intent.
The majority had to come up with a considerable amount of word-juggling and legerdemain to find legislative authority for charging injured workers pawn fees on previous disability awards. The majority ruling is not fair and is contrary to what the legislature was trying to do in these kinds of cases. As I read the legislative proceedings, the whole thrust was to avoid the kind of injustice complained of by John Taylor and Ralph Miller. Brian *1122 Stockton, Associate General Counsel of SIIS, read the 1995 legislation as correcting the John Taylor problem. Committee minutes show SIIS counsel Stockton as commenting that he was “happy with the [statutory] language presented and thinks it will prevent occurrences of problems such as these experienced by Mr. Taylor.” How or why the SIIS would have reversed its position between the time the legislation was enacted and the present is a puzzlement.
Reading the comments of the various committee members of both Senate and Assembly, I cannot believe that the legislative intent was to surcharge workers for the cost or “value” of previously-awarded disability payments. If indeed, this were the legislative intent, this intent does not manifest itself in NRS 616C.440. Certainly if the legislature had intended to place this heavy burden on injured workers, it should have clearly said so. The legislation could have read something like this:
If a worker accepts a lump-sum permanent partial disability award, that worker will upon receiving a subsequent permanent total disability award be required to pay back the entire amount of the previous permanent partial award plus interest on the amount of that award from the time it was received.
At the time they received their lump-sum awards Mr. Taylor and Mr. Miller did not understand the pawn charge rule. There is no reason (unless perhaps they were C.RA.s) that they would have dreamed that this burden was going to have to be carried.
The majority opinion is contrary to the wording of the statute, contrary to the intent of the legislature, contrary to fair treatment of injured workers, contrary to the common understanding by injured workers of disability awards, and contrary to common fairness and common sense. I dissent.

NRS 616C.440(l)(b) provides that a “deduction for á previous award for permanent partial disability must be made in a reasonable manner and must not be more than the total amount which was paid for the previous award for permanent partial disability.”